UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:25-cr-121 |
| v. | **PLEA AGREEMENT** |
| SIMON ANAYA SANCHEZ, | |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, SIMON ANAYA SANCHEZ, and Defendant's attorney, enter into this Plea Agreement.

## A. CHARGES

1. <u>Subject Offenses</u>. Defendant will plead guilty to Count 1 and Count 17 of the Superseding Indictment, that is, Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846; and, Felon in Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and Section 924(a)(8). Defendant also agrees to forfeiture of the firearms, as set forth in the Plea Agreement and listed in the Superseding Indictment.

2. <u>No Charges to be Dismissed</u>. There are no charges to be dismissed.

## B. MAXIMUM PENALTIES

3. <u>Maximum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a maximum sentence of 30 years'

1

imprisonment; a maximum fine of $2,000,000; and a term of supervised release of at least 6 years up to life. Defendant further understands that the crime to which Defendant is pleading guilty in Count 17 carries a maximum sentence of 15 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count must also be imposed by the Court. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 3 years in prison on any such revocation on Count 1, and not more than 2 years in prison on any such revocation on Count 17, without any credit for time previously served.

5. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

6. <u>Waiver of Section 851 Hearing</u>. Defendant waives notice and hearing under Title 21, United States Code, Section 851 and stipulates to the enhancement under Section 841(b)(1)(A) due to Defendant's prior conviction for a serious drug

felony, that is,

> That on or about September 20, 2016, Defendant was convicted of conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C), and 846, in the United States District Court for the Southern District of Iowa, in case number 4:15-CR-106, a serious drug felony, for which Defendant served more than one year in prison and was released within 15 years of the commission of the instant offense.

### C.   NATURE OF THE OFFENSE – FACTUAL BASIS

7.   <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)   Between the dates charged, two or more persons entered into an agreement or came to an understanding to distribute a controlled substance;

(b)   Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

(c)   At the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding was to distribute a controlled substance.

Defendant further understands that to prove the offense alleged under **Count 17 (Felon in Possession of Firearms)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(d)   The defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year;

(e)   The defendant knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year;

  (f)  The defendant thereafter knowingly possessed firearms; and

  (g)  The firearms were transported across a state line sometime during or before the defendant's possession of them.

8.  <u>Factual Basis</u>.  As a factual basis for Defendant's plea of guilty to Count 1, Defendant admits the following:

  (a)  From a date unknown, but by at least March 2025, and continuing until and including September 11, 2025, Defendant entered into an agreement with co-defendant Samantha Sue BALDRIDGE and others to distribute methamphetamine in the Southern District of Iowa.

  (b)  Defendant voluntarily and intentionally joined in the agreement.

  (c)  At the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement was to distribute methamphetamine.

  (d)  On September 11, 2025, law enforcement executed a federal search warrant at Defendant's residence in Des Moines. During a post-*Miranda* interview, Defendant admitted he and a coconspirator traveled to Chicago approximately 4 times and retrieved between 8 pounds and 20 pounds methamphetamine each trip. Defendant and the coconspirator brought drug proceeds in form of bulk cash to Chicago during these trips, between $12,000 and $80,000 in U.S. currency. Defendant and the coconspirator brought the methamphetamine back to Des Moines and distributed it, including to BALDRIDGE.

As a factual basis for Defendant's plea of guilty to Count 17, Defendant admits the following:

  (e) [~~(c)~~]  On or about September 11, 2025, in Des Moines, Iowa, Defendant knowingly possessed in his residence [ia] firearms, namely: a Magnum Research MR9 Eagle, nine-millimeter caliber, pistol, with serial number MN006092, and a Glock, Model 21, .45 caliber auto, pistol, with serial number VY209, was also found by law enforcement at the residence.

  (f) [~~(d)~~]  Prior to September 11, 2025, Defendant had been convicted of conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C), and 846, in

4

the United States District Court for the Southern District of Iowa, in case number 4:15-CR-106, a crime punishable by a term of imprisonment exceeding one year.

(g) ~~(e)~~   Defendant knew he had previously been convicted of this crime which was punishable by a term of imprisonment exceeding one year.   *JMP   S.A.S.*

(h) ~~(f)~~   The firearms listed in Paragraph 7(e) were transported across a state line sometime during or before the defendant's possession of them.

9.   <u>Truthfulness of Factual Basis</u>.   Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.   <u>Waiver of Rule 410 Rights</u>.   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11.   <u>Venue</u>.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

12. <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

   (a) The nature of the offenses to which Defendant is pleading guilty;

   (b) The quantity of drugs involved, with the parties stipulating as a recommendation to the District Court that the offense involved at least 15 kilograms of a mixture and substance containing methamphetamine, for a base offense level of at least 36 pursuant to U.S.S.G. §2D1.1(c);

   (c) Whether Defendant possessed a firearm, with the parties stipulating as a recommendation to the District Court that the Defendant possessed a Magnum Research MR9 Eagle, nine-millimeter caliber, pistol, with serial number MN006092; and a Glock, Model 21, .45 caliber auto, pistol, with serial number VY209, and that the two-level enhancement pursuant to USSG §2D1.1(b)(1) is applicable;

   (d) Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §3B1.1 and §3B1.2;

   (e) Whether Defendant maintained a premises for the purposes of drug trafficking;

   (f) The nature and extent of Defendant's criminal history (prior convictions); and

   (g) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less

severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Disclosure of Presentence Investigation Reports</u>. The United States

District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this

time what Defendant's actual sentence will be.

18. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

19. <u>Criminal History</u>. Defendant has represented to the United States that Defendant has one prior conviction for a serious drug felony, as set forth in paragraph 6 of this Plea Agreement. If Defendant is found to have more than one prior drug felony conviction, the Government may withdraw from this Plea Agreement.

**E.   FINES, COSTS, AND FORFEITURE**

20. Defendant agrees to forfeiture of the property identified in the Indictment, specifically,

> i. a Magnum Research MR9 Eagle, nine-millimeter caliber pistol, with serial number MN006092;
>
> ii. and a Glock, Model 21, .45 caliber auto pistol, with serial number VY209.

21. <u>Waivers Regarding Forfeiture</u>. Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant

had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

22. <u>Consent to Judgment of Forfeiture</u>.  Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

23. <u>Fines and Costs</u>.  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

24. <u>Special Assessment</u>.  Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

## F. LIMITED SCOPE OF AGREEMENT

25. <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or

administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

26. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

G.   **WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

27. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

- (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

- (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

- (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

- (d) Confront and cross-examine adverse witnesses;

- (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

- (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

- (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

  (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

  (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

  (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

  (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

31. <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

32. <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33. <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

34. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_11/17/25_  
Date

_[signature]_  
Simon Anaya Sanchez

35. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in

entering a plea of guilty pursuant to the Plea Agreement.

___11/17/25___  
Date

___[signature]___  
Jessica M. Donels  
Attorney for Simon Anaya Sanchez

36. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

David C. Waterman  
United States Attorney

___11/17/2025___  
Date

By: ___[signature] for AJ___  
Amy Jennings  
Assistant U.S. Attorney  
Neal Smith Federal Building  
210 Walnut Street, Suite 455  
Des Moines, Iowa 50309  
Telephone: 515-473-9300  
Telefax: 515-473-9292  
E-mail: amy.jennings2@usdoj.gov